FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

2010 APR -7 P 3: 29

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JEFFREY E. BORDA,<br>12005 Taliesin Place, #35<br>Reston, VA 20190 | )<br>)<br>) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| SOSi INTERNATIONAL, Ltd.,<br>1900 Campus Commons Drive, Suite 250<br>Reston, VA 20191 | )<br>)<br>) |
| | ) |
| and | ) |
| | ) |
| JULIAN SETIAN, COO,<br>SOSi International, Ltd.<br>40 Fulton Street, 26th Floor<br>New York, NY 10038 | )<br>)<br>)<br>) |
| | ) |
| and | ) |
| | ) |
| NADER USKOWI,<br>a.k.a. NADER OSKOWI,<br>a.k.a. NADER OSKOUI,<br>In his individual capacity<br>2028 Beacon Place<br>Reston, VA 20191 | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| and | ) |
| | ) |
| WILLIAM CANTER,<br>In his individual capacity<br>1900 Campus Commons Drive, Suite 250<br>Reston, VA 20191 | )<br>)<br>)<br>) |
| | ) |
| *Defendants.* | ) |

Civil Action No.: 1:10CV345-CMH/TRJ
JURY TRIAL DEMANDED

## COMPLAINT

*COMES NOW*, the Plaintiff, Jeffrey E. Borda ("Plaintiff"), by counsel, and hereby files this Complaint for violations of the Fair Labor Standards Act ("FLSA") (Count I) and defamation (Count II) against Defendants SOSi International ("SOSi"), Julian Setian ("Mr. Setian"), Nader Uskowi ("Mr. Uskowi"), and William Canter ("Mr. Canter") (*collectively*, "Defendants"). As grounds in support thereof, Plaintiff states as follows:

### NATURE OF THE CASE

1.     This action is brought under the FLSA 29 U.S.C. §201 <u>et</u> <u>seq.</u>, by Plaintiff against SOSi and Mr. Setian for violations of the FLSA's overtime provisions.

2.     Plaintiff also brings a claim against all Defendants for defamation.

### JURISDICTION AND VENUE

3.     This court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

4.     This court has supplemental jurisdiction over Plaintiff's defamation claim under 28 U.S.C. § 1367(a).

5.     Venue is proper in this district and in this division by virtue of 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### THE PARTIES

6.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-5 and, in addition, alleges:

7.      Plaintiff is an adult male resident of the state of Virginia, residing at 12005

Taliesin Place, Reston, VA 20190.  From September of 2008 to August of 2009, Plaintiff was

employed by SOSi as the Project Lead/CENTCOM Team Lead Tampa, in Florida.

8.      SOSi is a privately owned New York corporation providing support to U.S.

government and commercial clients.  SOSi's operational headquarters is located in Reston, VA.

At all times relevant to this Complaint, SOSi conducted business activities in the Northern

Virginia area and in the County of Fairfax.

9.      Upon information and belief, Mr. Setian is an adult male resident of the state of

New Jersey, residing at 481 Jersey Avenue, Jersey City, NJ.  At all times relevant to this

Complaint, Mr. Setian was the Chief Operating Officer ("COO") of SOSi and exercised

significant control over the day-to-day operations of SOSi which included, but was not limited

to, the power to hire and fire any employee, the power to set wages and compensation for any

employee, and the power to control the activities of any employee.

10.     Upon information and belief, Mr. Uskowi is an adult male resident of state of

Virginia, residing at 2028 Beacon Place, Reston, VA.  At relevant times to this Complaint, Mr.

Uskowi acted as SOSi's Senior Analyst, CENTCOM Team Lead, and Deputy Program Manager

(FMA).  In mid 2009, SOSi informed Plaintiff that Mr. Uskowi was Plaintiff's supervisor.

11.     Mr. Canter is an adult male resident of the state of Maryland, residing at 4611

Hunt Avenue, Chevy Chase, MD.  At relevant times to this Complaint, Mr. Canter acted as the

Director for Media & Communications at SOSi as well as Plaintiff's supervisor.  Following his

promotion to Vice President of Media, Marketing & Communications in or around

October/November of 2009, Mr. Canter had no supervisory responsibility for Plaintiff.

3

## COUNT I: VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT—29 U.S.C. § 201 ET SEQ.
### (SOSi & Mr. Setian)

12.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-11 and, in addition, alleges:

13.     At all times relevant to this Complaint, SOSi had an annual gross volume of sales or business done of $500,000 or more.

14.     At all times relevant to this Complaint, SOSi was an enterprise engaged in interstate commerce and/or in the production of goods for interstate commerce.

15.     SOSi engaged in interstate commerce by such means as regularly making telephone calls to persons in other states, receiving payments from persons in other states, and using goods manufactured in other states.

16.     At all times relevant to this Complaint, Plaintiff was jointly employed by SOSi and Mr. Setian as the Project Lead/CENTCOM Team Lead Tampa, in Florida.

17.     At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the FLSA.

18.     During the course of Plaintiff's employment, SOSi and Mr. Setian, individually and/or through their agents, exercised significant supervision over Plaintiff's work.  Specifically, SOSi and/or Mr. Setian:

        (a) prevented Plaintiff from taking disciplinary action against staff when necessary;

        (b) limited the effectiveness of Plaintiff's team member evaluation reports by specifying the specific level of evaluation Plaintiff could issue;

(c) prevented Plaintiff from attending important team meetings and/or client
meetings;

(d) excluded Plaintiff's input and involvement in creating his own team budget;

(e) excluded Plaintiff's input and involvement in staff compensation increases;

(f) denied Plaintiff access to client proposals and activities;

(g) prohibited Plaintiff from hiring and firing members of his own team; and

(h) denied Plaintiff access to, and knowledge of, client billing.

19.     During the course of Plaintiff's employment, SOSi and Mr. Setian, individually
and/or through their agents, required and/or permitted Plaintiff to work hours in excess of forty
hours per week.

20.     During the course of Plaintiff's employment, Plaintiff regularly worked hours in
excess of forty hours per week.

21.     During the course of Plaintiff's employment, SOSi and Mr. Setian, individually
and/or through their agents, had actual and/or constructive knowledge of Plaintiff working in
excess of forty hours per week.

22.     During the course of Plaintiff's employment, SOSi and Mr. Setian, individually
and/or through their agents, failed to compensate Plaintiff for the hours he worked in excess of
forty hours per week at a rate of time and a half his normal rate of pay.

23.     By failing to compensate Plaintiff for the hours he worked in excess of forty hours
per week at a rate of time and half his normal rate of pay, SOSi and Mr. Setian, individually
and/or through their agents, regularly and willfully violated the overtime provisions of the FLSA.

24.     As a direct and proximate result of SOSi and Mr. Setian's failure to compensate Plaintiff for the hours he worked in excess of forty hours per week at a rate of time and a half his normal rate of pay, Plaintiff has suffered economic harm.

*WHEREFORE*, Plaintiff demands judgment against SOSi and Mr. Setian, jointly and severally, for his unpaid overtime wages in an amount to be determined at trial, a sum equal to his unpaid overtime compensation as liquidated damages, pre- and post-judgment interest and costs pursuant to 29 U.S.C. §216(b), reasonable attorney's fees, and such further relief as this Court deems just and equitable.

### COUNT II: DEFAMATION
**(All Defendants)**

25.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-24 and, in addition, alleges:

26.     In May or June of 2009, SOSi's evaluation committee oversaw and approved a positive evaluation performance report regarding Plaintiff (the "Positive Evaluation").

27.     On July 23, 2009, Mr. Uskowi, without authority, changed the Positive Evaluation to reflect an overall negative performance (the "Negative Evaluation") following Plaintiff's refusal to accept a new position which would have reduced his salary by approximately $21,000.

28.     The Negative Evaluation was not transmitted through the proper channels and was not approved by any of SOSi's supervisory personnel other than Mr. Uskowi.

29.     The Negative Evaluation did not contain the signature of the "next level manager" and therefore failed to adhere to SOSi's evaluation procedures.

30.     On August 31, 2009, Mr. Uskowi published and sent Plaintiff a termination notice (the "Termination Action").

31.     The Termination Action stated that Plaintiff was terminated for "performance" and "behavior/conduct" reasons. These reasons were false and wholly inconsistent with the Positive Evaluation approved by the evaluation committee and other highly positive reports of Plaintiff issued by senior management and USCENTCOM.

32.     On or about September 1, 2009, Mr. Uskowi and Mr. Canter verbally communicated to former members of Plaintiff's team, military officers, and third party contractors that Plaintiff had been terminated due to poor job performance. These statements were false and implied that Plaintiff was unfit for his chosen profession.

33.     On or about September 1, 2009, Mr. Setian verbally communicated to Colonel Steven J. Mains ("Col. Mains"), Chief of Information Operations at USCENTCOM, that Plaintiff had been terminated due to poor job performance. This statement was false and implied that Plaintiff was unfit for his chosen profession.

34.     On or about September 1, 2009, Mr. Uskowi and Mr. Canter, verbally communicated to Col. Mains and Major Anthony Frissore, Contract Officer's Representative for the FMA Contract's IO/PA Task Order, that Plaintiff had been terminated due to poor job performance and attacked Plaintiff's character. These statements were false and implied that Plaintiff was unfit for his chosen profession.

35.     On or about September 1, 2009, Mr. Canter, in reference to Plaintiff, verbally communicated to Ms. Rabeah Sabri ("Ms. Sabri"), Cultural Advisor for SOSi assigned to USCENTCOM, that an "unclean person" had sat at Plaintiff's former work station and that Mr. Canter's sitting there had made his shirt dirty. Mr. Canter then asked Ms. Sabri if she had any disinfectant for the area. These statements were false, and implied that Plaintiff was diseased and/or had engaged in acts of moral turpitude.

36.     On or about September 2, 2009, Mr. Canter and Mr. Uskowi held a SOSi staff dinner in Tampa, Florida, at which most of Plaintiff's former staff were present.

37.     At the dinner, Mr. Uskowi and Mr. Canter verbally communicated to Plaintiff's former staff that Plaintiff had been terminated due to poor job performance as well as his refusal to accept a new position at the same rate of pay. These statements were false and implied that Plaintiff was unfit for his chosen profession.

38.     In September of 2009, David Wilcox ("Mr. Wilcox"), SOSi Project Manager, stated to Alexs Thompson, a SOSi employee hired by Plaintiff, that Plaintiff was "hiding something" and doing something illegal on the Foreign Media Analysis contract (FMA). These statements were false and implied that Plaintiff was unfit for his chosen profession and attempting to conspire with USCENTCOM against SOSi.

39.     In August of 2009, Mr. Wilcox stated to Mr. Uskowi, Yara Youseff, and Plaintiff that either Plaintiff or the COR was "hiding something" and doing something illegal on the Foreign Media Analysis contract (FMA). These statements were false and implied that Plaintiff was unfit for his chosen profession and attempting to conspire with USCENTCOM against SOSi.

40.     As a direct and proximate result of Mr. Setian, Mr. Uskowi, and Mr. Canter's false statements, SOSi and Mr. Setian were placed on actual and/or constructive notice that such statements had been made to both internal and external parties.

41.     Because SOSi and Mr. Setian failed to rescind and/or mitigate Mr. Setian, Mr. Uskowi, and Mr. Canter's false statements, SOSi and Mr. Setian ratified the defamatory conduct.

42.     As a direct and proximate result of Mr. Setian, Mr. Uskowi, and Mr. Canter's false statements, Plaintiff has suffered damages in excess of $75,000 to his professional and personal reputation.

*WHEREFORE*, Plaintiff demands judgment against Defendants for damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury upon all issues so triable.

DATED: 4/7/10

Respectfully submitted,

Richard Murray, Esq. (VSB No. 74409)
Pompan, Murray & Werfel PLC
601 King Street, Suite 400
Alexandria, VA 22314
Tel: (703) 739-1340
Fax: (703) 836-6842

*Counsel for Plaintiff, Jeff Borda*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| JEFFREY E. BORDA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| SOSi INTERNATIONAL, LTD, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, (print name) *JEFFREY E. BORDA* , hereby consent to be a party plaintiff in this action brought pursuant to the Fair Labor Standards Act (29 U.S.C. §201 et seq.) to recover my unpaid minimum wages, overtime, liquidated damages, attorney's fees, and costs from my current/former employer, SOS International, Inc., and/or any other combination of individuals or corporate entities my attorney should elect to sue. I understand that I will be bound by the results of this litigation to recover my unpaid wages, overtime, liquidated damages, attorney's fees and costs

_____
Signature

12005 Taliesin Pl. #35
_____
Street Address

Reston   VA.   20190
_____
City          State          Zip

917·821-3756
_____
Phone

31 March 10
_____
Date

Return this form to:   Richard Murray
                       Pompan, Murray & Werfel, PLC
                       601 King Street, Suite 400
                       Alexandria, VA, 22314
                       Tel: (703) 739-1340